IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES H. HINKLE,**

    **Plaintiff,**

vs.

Case No. 2:24-cv-3877
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

**JUDGE STEPHANIE MINGO,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is now before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims in their entirety.

**I.    STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

---

[1] Formerly 28 U.S.C. § 1915(d).

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

II.     ALLEGATIONS IN THE COMPLAINT

Plaintiff, proceeding without the assistance of counsel, asserts claims for the third time[2] against Franklin County Municipal Court Judge Stephanie Mingo arising out of a lawsuit filed in the Franklin County Municipal Court to which Plaintiff is a party. (Compl. ECF No. 1-1.)

---

[2] The Undersigned notes that this Court already has dismissed substantially similar claims against Defendant Judge Mingo on these grounds. *See Marshall v. Thacker*, No. 2:21-CV-4838, 2021 WL 4905201 (S.D. Ohio Oct. 21, 2021); *Hinkle v. Dunbar, et al.*, No. 21-CV-4447, 2023 WL 2154684 (S.D. Ohio Feb. 22, 2023); *Hinkle v. Mingo, et al.*, No. 21-CV-4690, 2023 WL 2154684 (S.D. Ohio Feb. 22, 2023). The Undersigned also takes judicial notice that this action repeats many of the same allegations in the previous cases.

Liberally construing Plaintiff's Complaint, he alleges that Judge Mingo lacked jurisdiction. (*Id.* PageID 10.) Plaintiff appears to take issue with certain adverse rulings from Defendant Judge Mingo. (*Id.*) Plaintiff makes a general allegation that the "mayor's court has set a bad precedence in case 2016 EVH 060329 of violating the peoples' God given rights protected by the United States of America Constitution (unlawful search and seizure of privately owned property) and State Law." (*Id.* PageID 11.)

Plaintiff seeks the following relief: "I am seeking to obtain the original complainers' name and address and adding that I am seeking immediate judgement in my favor for the case 2016 EVH 060329 be DISMISSED WITH PREJUDICE and have everything dropped in the ruling including anything with stephanie marshall [sic] and the fines." (*Id.*)

### III. ANALYSIS

Plaintiff's claims should be dismissed because no matter how liberally the Court construes Plaintiff's allegations, Defendant Judge Mingo is entitled to absolute immunity from civil liability as a state court judge for the Franklin County Municipal Court. *Padgett v. Kentucky*, No. 1:21-CV-12, 2021 WL 215647, at *3 (S.D. Ohio Jan. 21, 2021) ("Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them.") (collecting cases). Plaintiff does not plausibly allege any exceptions to the judicial immunity doctrine.

Although the judicial inquiry ends there, the Undersigned notes that Plaintiff's claims also are barred by the *Rooker-Feldman* doctrine, which "bars lower federal courts from conducting appellate review of final state-court judgments." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). As a result, this Court has no authority to overturn a judgment in the underlying

4

Franklin County Municipal Court proceedings, as Plaintiff desires. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) ("If the source of the injury is [a] state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction.").

IV. **CONCLUSION**

For all of these reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims in the entirety.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

| | |
|---|---|
| **Date: OCTOBER 15, 2024** | **/s/ *Elizabeth A. Preston Deavers*** <br> **ELIZABETH A. PRESTON DEAVERS** <br> **UNITED STATES MAGISTRATE JUDGE** |