IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES H. HINKLE,                              :
                                             :
        Plaintiff,                           :       Case No. 2:24-cv-3877
                                             :
    v.                                       :       Judge Algenon L. Marbley
                                             :
JUDGE STEPHANIE MINGO,                        :       Magistrate Judge E. P. Deavers
                                             :
        Defendant.                           :

OPINION & ORDER

This matter comes before this Court on *pro se* Plaintiff James H. Hinkle's Objection (ECF No. 7) to the Magistrate Judge's Report and Recommendation (ECF No. 6) that his claims be dismissed in their entirety.  For the following reasons, Hinkle's Objection is **OVERRULED**, and his claims are dismissed in their entirety.

I.      BACKGROUND

Hinkle was party to a lawsuit in the Environmental Division of the Franklin County Municipal Court.  (ECF No. 5 at 5).  The City of Columbus sued Hinkle, alleging that his real property constituted public nuisance under the housing code.  (*Id.*).   In September 2021, Hinkle filed suit against the judge who presided, Stephanie Mingo, based on the state court lawsuit, arguing that "Judge Mingo did not have jurisdiction." *Hinkle v. Dunbar*, 2023 WL 2154684, at *1 (S.D. Ohio Feb. 22, 2023) (Marbley, J.) (*Hinkle I*).  This Court found that Judge Mingo did have subject matter jurisdiction over that case and was entitled to absolute judicial immunity from civil liability. *Id.* at *3. In addition, this Court held that the *Rooker-Feldman* doctrine would bar this Court from considering the case even if Judge Mingo was not immune from suit.  *Id.* at *4.  Hinkle sued Judge

1

Mingo again in this Court in April 2022, to no avail. *Hinkle v. Mingo*, 2023 WL 3579044, at *1, *3 (S.D. Ohio May 22, 2023) (Marbley, J.) (*Hinkle II*).

Hinkle sues again, *in forma pauperis*, alleging once more that Judge Mingo lacked jurisdiction over the state court lawsuit. This time, he cites to the two provisions of Ohio law that this Court previously cited in determining that Judge Mingo had jurisdiction. *See Hinkle I*, 2023 WL 2154684, at *3–4 (citing Ohio Rev. Code §§ 1901.181(A)(2), 3767.41(B)(1)). He argues that he was summoned for a code violation that his building was a nuisance, but his building was not the type of building over which Judge Mingo's court had jurisdiction. (ECF No. 5 at 2–3, 5–6). It is unclear from Hinkle's Complaint how, precisely, this could have happened: Hinkle stated that the municipal court case was brought against AMC LLC or OH SEVEN LLC, and he seemingly disclaimed any involvement or relationship with those entities. (*Id.* at 5 ("I am not a business. . . . I do not represent AMC LLC or OH SEVEN LLC [] and have never had a contract with either of them.")). Regardless, and according to Hinkle, because the state court lacked jurisdiction to adjudicate its proceeding and because he lacked any privity of contract with the relevant limited liability companies, the state court proceeding violated his rights under the U.S. Constitution, including his Sixth Amendment "right to know" and confront his "accuser," his "right to be present at the trial (guaranteed by the Federal Rules of Criminal Procedure Rule 43)," as well as similar rights protected under the Ohio Constitution. (ECF No. 5 at 6).

The Magistrate Judge recommended that this Court dismiss Hinkle's claims for two reasons: (1) Defendant Judge Mingo is entitled to absolute immunity from civil liability as a state court judge; and (2) Hinkle's claims are barred by the *Rooker-Feldman* doctrine, which prevents federal courts from reviewing state court decisions. (ECF No. 6 at 4–5). Hinkle timely objected in part, challenging the Magistrate Judge's determination as to whether Judge Mingo had judicial immunity.

2

(ECF No. 7 at 1–2).  Specifically, Hinkle argued that the real property at issue could not be subject to Judge Mingo's jurisdiction to hear nuisance cases under Ohio Rev. Code §§ 1901.18 and 1901.181, because it was an owner-occupied structure with three or fewer residential units, and thus excluded from Judge Mingo's jurisdiction pursuant to Ohio Rev. Code § 3767.41(A)(1).[1]  (*Id.* at 1, 5).  Hinkle also conclusorily asserted that Judge Mingo should be disqualified for supposed bias. (*Id.* at 3–5, 8).  He did not address whether his claims are barred under *Rooker-Feldman*.

## II.    LAW AND ANALYSIS

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Upon review, the district judge "may accept, reject, or modify, the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

Hinkle's case fails for two independent reasons.

First, this Court already ruled that Hinkle is barred under the *Rooker-Feldman* doctrine from suing to challenge the state court decision on the basis that the state court decision itself caused him injury.  *Hinkle I*, 2023 WL 2154684, at *4.  The Magistrate Judge recommended dismissal on this basis and warned of the consequences of failure to object, yet Hinkle failed to object.  "[T]he failure to object to a magistrate judge's Report and Recommendation results in a waiver of appeal on that

---

[1] Ohio Rev. Code § 3767.41(A)(1) defines "Building," for the purposes of the public nuisance law, as excluding "any building or structure that is occupied by its owner and that contains three or fewer residential units."

issue as long as the magistrate judge informs the parties of the potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).  Hinkle's suit fails for this reason alone.[2]

Second, in reviewing his objections to the Report and Recommendation *de novo*, it is clear that Hinkle's revised lawsuit and new jurisdictional argument cannot change how judicial immunity applies to his state court case.  Judges enjoy "immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).  Though there is a recognized exception to judicial immunity if a judge takes judicial action "in the complete absence of all jurisdiction," *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (citation and internal quotation marks omitted), when a judge's immunity is at issue, the scope of jurisdiction is construed broadly.  *Cooper v. Rapp*, 702 F. App'x 328, 332 (6th Cir. 2017).

Hinkle may believe that Judge Mingo was "acting outside her jurisdiction," (ECF No. 7 at 2), but his real property alleged to be a nuisance is located in Franklin County, placing it within the territory of the Environmental Division of the Franklin County Municipal Court.  (ECF No. 5 at 1). Even assuming, for the sake of argument, that Judge Mingo was in excess of her jurisdiction over Hinkle's particular building, she would not lose her immunity.  Judges are not deprived of immunity for actions taken in error, done maliciously, or in excess of authority, *DePiero v. City of Macedonia*, 180 F.3d 770, 785 (6th Cir. 1990), for "where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir.

---

[2] Hinkle did impermissibly attempt to change his requested relief.  His Complaint sought " judgment in [his] favor for [the state court case]," with "anything with stephanie marshall [*sic*] and the fines" dropped.  (ECF No. 5 at 6).  Then, his Objection requested that "Judge Mingo . . . be disqualified" and he be awarded "$250,000.00 per incident," alongside his previously-requested relief.  (ECF No. 7 at 8–9).  This is not permitted.  His Complaint remains his operative pleading, *see* Fed. R. Civ. P. 8(a)(3), and "issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived." *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (cleaned up).

1997).  Judges are only subject to liability when acting "in the clear absence of all jurisdiction." *DePiero*, 180 F.3d at 785 (citation and internal quotation marks omitted).  For instance, "a probate judge, with jurisdiction over only wills and estates, . . . would be acting in the clear absence of jurisdiction" over a criminal case; however, "if a judge of a criminal court should convict a defendant of a nonexistence crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978).

Thus, Judge Mingo also cannot be sued by Hinkle for exercising her jurisdiction in the state court case due to her judicial immunity, even if she acted in excess of it.  Accordingly, Judge Mingo is entitled to absolute immunity from civil liability in this action.

One final issue merits attention.  Hinkle has now attempted to sue Judge Mingo in this Court several times, each time raising variations on familiar themes:  Judge Mingo's lack of jurisdiction and abuse of power in his state court case.  *Hinkle I*, 2023 WL 2154684, at *3, *5 (dismissing Hinkle's first lawsuit pursuant to judicial immunity and *Rooker-Feldman*); *Hinkle II*, 2023 WL 3579044, at *1, *3–4 (dismissing Hinkle's second lawsuit pursuant to judicial immunity).  Because he proceeds *in forma pauperis* without paying filing fees, his repeat suits are at public expense.

This Court **CAUTIONS** Hinkle that his filing privileges will be curtailed for vexatious, frivolous, or harassing conduct—including repeat litigation of issues that this Court has time and again addressed.  Courts may impose pre-filing restrictions on vexatious litigants to stop the flow of meritless filings and "handle the complaints of prolific litigators." *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).  Particularly where monetary sanctions might have no effect, as would be in the case of plaintiffs filing *in forma pauperis*, courts may issue injunctions to prevent harassing litigation under their inherent authority and pursuant to the All Writs Act.  *See Wrenn v. Vanderbilt Univ. Hosp.*, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995) (observing that there is no right of

access to the courts to prosecute frivolous or malicious actions); 28 U.S.C. § 1651(a) (Courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). Before imposing a pre-filing restriction, a court "must still justify its rationale sufficiently" by identifying the litigant's pattern of repetitive, frivolous, or vexatious filings. *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023).

While this Court sympathizes with Hinkle's apparent frustration with the results of his state court suit, he will not get a new result bringing the same suit a fourth time. Though his conduct may not yet have risen to the level of vexatious litigation, this Court **WARNS** him that this Court will curtail his filing privileges for vexatious conduct. *See Hutchison v. Biden*, 2026 WL 265628, at *4 (S.D. Ohio Feb. 2, 2026) (Marbley, J.).

### III.     CONCLUSION

Hinkle's Objection is **OVERRULED**, and this Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. The Clerk of Court is **DIRECTED** to close this case. Furthermore, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would not be taken in good faith and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  February 23, 2026**

6